UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JUSTIN ODELL LANGFORD,

Plaintiff,

v.

JAMES DZURENDA, et al.,

Defendants.

Case No. 3:19-cv-00010-RCJ-WGC

ORDER

**I. DISCUSSION**

On December 23, 2019, the Court screened Plaintiff's pro se civil rights complaint and dismissed the complaint with leave to amend some of the claims in the complaint within 30 days. (ECF No. 5). When Plaintiff failed to file an amended complaint within 30 days, the Court dismissed the action with prejudice. (ECF No. 7). Upon receiving the dismissal order, Plaintiff filed a motion for reconsideration, stating that he had eight cases in the court system and mixed up the due date for this case with due dates in some of his other cases. (ECF No. 9 at 2). He states that this was an honest mistake. (*Id.*)

Federal Rule of Civil Procedure 60(b)(1) provides as follows: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [ ] mistake, inadvertence, surprise, or excusable neglect." Excusable neglect may, under some circumstances, include situations in which the failure to comply with a filing deadline is attributable to negligence. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 394, (1993). The Supreme Court has established an equitable, four-part balancing test for

determining whether there had been "excusable neglect." *Id.* at 395. The *Pioneer* factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Id.*

Although the defendants had not yet been served with the complaint in this action when the Court dismissed this action, there is always an interest in the finality of judgments and the efficient administration of the courts. Furthermore, Langford's failure to file a timely amended complaint unquestionably was in his control. However, he filed his motion soon after learning of his mistake and asserts that it was a genuine mistake. Therefore, in this <u>one</u> instance, the Court will accept as true Langford's assertion that this was a genuine mistake and will reopen the case and permit him to file a signed amended complaint within 30 days of the entry of this order.

However, the Court emphasizes that Langford is responsible for keeping track of the deadlines in his cases regardless of how many cases he chooses to file, and he is instructed to manage his cases so that he does not miss a deadline again. If Langford misses another deadline with the Court, the Court will <u>not</u> be inclined to accept as true any assertion by Langford that he acted in good faith and made an honest mistake. Furthermore, especially given that Langford has had months to write an amended complaint, no further extensions of time will be granted.

## II.    CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's motion to reopen the case (ECF No. 9) is granted and the Clerk of the Court shall reopen the case.

It is further ordered that Plaintiff may file an amended complaint curing the deficiencies in the Eighth Amendment conditions of confinement claims in his original complaint provided that he does so within 30 days of entry of this order. Plaintiff does <u>not</u> have leave to include in the amended complaint any unrelated claims against other

defendants, and an amended complaint may <u>not</u> include any allegations concerning events that have transpired since he filed his original complaint.

It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If Plaintiff chooses to file an amended complaint, he should use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff fails to timely file a signed amended complaint, this action shall be dismissed with prejudice for failure to state a claim.

DATED THIS 9th day of April, 2020.

_____
UNITED STATES DISTRICT JUDGE